# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10816
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 28, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

MANUEL FELIPE LOPEZ-MARTINEZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-277-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Manuel Lopez-Martinez appeals his 48-month, above-guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10816

sentence for illegal reentry. *See* 8 U.S.C. § 1326. We affirm.

A "court may . . . conclude in a particular case that a sentence within the Guidelines range is not lengthy enough to serve the objectives of sentencing." *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008). Accordingly, a court may impose either of two types of sentence that do not fall within an advisory guidelines range—a departure, which is a sentence authorized by one or more provisions of the Sentencing Guidelines, and a variance, which is a sentence that finds no specific authorization in the Sentencing Guidelines. *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). Here, the court imposed the sentence as a variance outside the guidelines sentencing system and alternatively as a departure under U.S.S.G. § 4A1.3. Because we may affirm the sentence as a variance, we pretermit Lopez-Martinez's claim that the sentence is unreasonable because the court procedurally erred in departing based on misinterpretations of U.S.S.G. §§ 4A1.3 and 5K2.0. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

Lopez-Martinez's sole argument for felling the variance sentence is that it is not exactly the same sentence that would have been given had there been no alleged misapplication of §§ 4A1.3 and 5K2.0. But § 4A1.3 was irrelevant to the variance determination. *See United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007). Section "4A1.3 applies only to *departures*—based on unrepresentative criminal history—not to *variances*." *Id.* And § 5K2.0 was not even mentioned in the presentence report, by the district court, or by Lopez-Martinez in the district court. Lopez-Martinez does not show that the court was required to reason with § 4A1.3 in mind when varying in light of the 18 U.S.C. § 3553(a) factors as a whole, and his reliance on *United States v. Ibarra-Luna,* 628 F.3d 712, 717 (5th Cir. 2010), is inapposite. Contrary to Lopez-Martinez's contention, *Ibarra-Luna* is not authority for requiring the

government to show that the court would have imposed the same sentence but for an alleged § 4A1.3 error but, instead, is concerned with "an incorrect Guidelines calculation." 628 F.3d at 717. Lopez-Martinez, however, did not object to the calculation of the guidelines range in the district court and does not contend on appeal that there was an incorrect calculation of the range. Also, Lopez-Martinez omits any showing that the court was unentitled to impose a variance sentence first and a departure sentence alternatively.

The variance will stand if it is supported by the factors in § 3553(a). *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). "[T]he Guidelines range is but one factor for a sentencing judge to consider." *Williams*, 517 F.3d at 810. In reviewing the variance, we give due deference to the district court; the fact that [we] might reasonably . . . conclude[ ] that a different sentence was appropriate is insufficient to justify reversal." *Gall v. United States*, 552 U.S. 38, 51 (2007).

The district court gave extensive, cogent reasons for selecting the variance sentence, and Lopez-Martinez refutes none of them. Appropriately, the court relied on several § 3553(a) factors in determining that an upward variance was warranted, including Lopez-Martinez's history and characteristics, the need to provide adequate deterrence to further recidivism, and the need to protect the public from further crimes. *See Mejia-Huerta*, 480 F.3d at 723. Thus, the decision to vary above the advisory range was based on permissible factors that advanced the objectives set forth in § 3553(a)—i.e., the sentencing decision was properly made "under the totality of the relevant statutory factors." *Brantley,* 537 F.3d at 349 (internal quotation marks and citation omitted); *see Williams*, 517 F.3d at 808–09; *Smith*, 440 F.3d at 707.

AFFIRMED.